## Fraternal Order of Police Lodge No. 29, Appellant *v.* City of Williamsport, Appellee.

Argued February 3, 1978, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Ambrose R. Campana*, with him *Campana & Campana*, for appellant.

*Ronald C. Travis*, Assistant City Solicitor, for appellee.

OPINION BY JUDGE CRUMLISH, JR., May 30, 1978:

A decision of the Court of Common Pleas, in its equity jurisdiction, refused to stay the imposition by the City of Williamsport (Williamsport) of an increase in policemen's contribution to their pension fund. Offended by this result, the Fraternal Order of Police Lodge No. 29 (F.O.P.) appeals.

Williamsport and the F.O.P. are parties to a collective bargaining agreement which provides that "the City agrees that it will maintain the present pension program." The agreement specifically covers age of retirement and the minimum age at which a policeman

may begin receiving benefits, but is silent as to the amount officers shall contribute to the pension fund.

The amount of contribution is set by Williamsport in accordance with Section 432 of The Third Class City Code, Act of June 23, 1931, P.L. 932, *as amended,* 53 P.S. §39301. That section provides:

§39301. Police pension fund; direction of

Cities shall establish, by ordinance, a police pension fund, to be maintained by an equal and proportionate monthly charge against each member of the police force, which shall not exceed annually four per centum of the pay of such member and an additional amount not to exceed one per centum of the pay of such member to be paid by such member. . . .

The court below found that the agreement required Williamsport to maintain all of the present benefits provided by the present pension program but it did not preclude Williamsport from determining the rate of contribution. The court also found that the F.O.P. "has not made the rate of contribution a matter for negotiation or inclusion in the contract, but rather left it to the City to decide what rate would be utilized."

We must agree and affirm the court below. The holding that the contract provision which requires Williamsport to "maintain the present pension program" permits Williamsport to alter the rate of employee contribution is a reasonable interpretation of the agreement; not in conflict with any portion thereof, and consistent with the provisions of the Code requiring a city to set such rates. The rate of contribution is within the limits authorized by the Code. Moreover, as noted by the court below, the raise in rate of contribution serves to "maintain the present pension program" by strengthening the actuarial soundness of the underlying fund.

The F.O.P. places strong reliance upon *Mase v. City of Carbondale,* 74 Lackawanna 107 (1973), which held that a city in legislative enactments may not ignore the explicit terms of a collective bargaining agreement which contained certain pension rights. That case is distinguishable from our present consideration in that the provision at issue in *Mase* was a specific part of the collective bargaining agreement whereas the provisions here at issue were not part of any agreement between the parties.

Affirmed.

#### ORDER

AND Now, this 30th day of May, 1978, the decision and order of the Court of Common Pleas of Lycoming County is affirmed.